Filed 9/22/25  P. v. Miller CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083061 |
| v. | (Super.Ct.No. CR67859) |
| HAROLD WILLIAM MILLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Reversed with directions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1999, a jury convicted Harold W. Miller of possession of a firearm by a felon. (Pen. Code, § 12021, subd. (a)(1).)  (Unlabeled statutory citations refer to the Penal Code.)  At a bench trial on prior conviction allegations, the trial court found that Miller had two prison priors (former § 667.5, subd. (b)) and two strike priors (§ 667, subds. (c) & (e)).  The court sentenced Miller to 25 years to life in state prison pursuant to the three strikes law and imposed and stayed two one-year sentences for Miller's prior prison term enhancements.[1]

In 2022, the trial court received notice from CDCR that Miller was serving a term for a judgment that included a prior prison term enhancement that is now invalid under section 1172.75.  In December 2023, the court held a hearing and declined to strike the enhancements and to resentence Miller, finding that his imposed and stayed prior prison term enhancements "do not fit within the legitimate ambit of the statute."

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  Section 1172.75, subdivision (b), requires the Secretary of CDCR

---

[1]  The People filed a request for judicial notice on July 29, 2024.  We grant that request and take judicial notice of the reporter's transcript in Miller's 1999 sentencing hearing (Riverside Superior Court case No. BAF002073) and the reporter's transcript of a postjudgment proceeding in *People v. Chlad* (E083222), which are attached to the People's request.  We have previously taken judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and augmented the record in this case to include the California Department of Corrections and Rehabilitation (CDCR) list dated June 16, 2022, listing individuals eligible for relief under section 1172.75.  Miller is listed on page 23 of that document.

and the administrators for each county jail to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

On appeal, Miller argues that section 1172.75 applies to defendants who have prior prison term enhancements that were imposed and stayed. We filed an opinion rejecting Miller's position and affirming the order denying relief. (*People v. Miller* (Feb. 7, 2025, E083061) [nonpub. opn.].) The Supreme Court granted review, subsequently decided *People v. Rhodius* (2025) 17 Cal.5th 1050, and then transferred this case back to this court with directions to reconsider it in light of *Rhodius*. *Rhodius* held that section 1172.75 does apply to prior prison term enhancements that were imposed and stayed. (*Rhodius*, at p. 1054.) We accordingly reverse and remand for resentencing under section 1172.75.

DISPOSITION

The trial court's order denying relief under section 1172.75 is reversed, and the matter is remanded with directions to recall defendant's sentence and resentence him pursuant to section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:


McKINSTER
Acting P. J.


FIELDS
J.